Territorial Law Library

FILED
SUPERIOR COURT
GUAM

2013 DEC 11 PM 2: 45

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| KAMLESH K. HEMLANI, individually and derivatively in the name of and on behalf of RADHI PURAN TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>RADHI P. HEMLANI, MANU MELWANI, JETHMAL K. MELWANI, ISHWAR P. HEMLANI, RADHI'S FOUNDATION, RADHI PURAN TRUST, PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, VASUDEV B. HEMLANI, P.D. HEMLANI FOUNDATION, LTD. and DOES 1-100,<br><br>Defendants. | CIVIL CASE NO. CV0758-12<br><br>**DECISION AND ORDER ON MOTION TO EXPUNGE** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on September 16, 2013 on Defendants' Motion to Expunge Notice of *Lis Pendens*. Plaintiff Kamlesh Hemlani is represented by Thomas M. Tarpley, Jr. Defendant Radhi's Foundation is represented by Attorney Jeffrey A. Cook. Defendants Manu Melwani, Jethmal Melwani, Ishwar Hemlani, and Pacific American Title Insurance & Escrow Company are represented by Attorney Bill R. Mann. Defendants Radhi Hemlani and Radhi Puran Trust are represented by Attorney Elyze M. Iriarte. Defendants Vasudev and P.D. Hemlani Foundation, LTD. are represented by Attorney Rodney J. Jacob. After a Hearing, the Court took motions under advisement. The Court now issues its Decision and Order.

## BACKGROUND

On June 24, 2013, Plaintiff Kamlesh Hemlani recorded a Notice of *Lis Pendens* at the Department of Land Management. This notice affects certain properties owned by Manu Melwani and Ishwar Hemlani.

On July 10, 2013, this Court issued a Decision and Order dismissing this action for lack of standing. A Judgment of Dismissal was filed on September 6, 2013.

On July 24, 2013, Defendants Manu Melwani and Ishwar Hemlani filed their Motion to Expunge the Notice of Lis Pendens. They argue there are three reasons why expungement is proper here. First, Plaintiff was never granted this Court's permission to file the proposed Amended Complaint. Secondly, the Notice is defective on its face as it does not contain the names of the parties and the object of the action as required by 7 G.C.A. § 14103. Finally, the proposed Amended Complaint does not contain factual allegations necessary to demonstrate that the new claims are against the title or possession of real property.

On August 21, 2013, Defendants P.D. Hemlani Foundation and Vasudev Hemlani joined in the motion. In joining the motion, they argue in favor of also expunging the Notice of *Lis Pendens* which was first recorded a year earlier on June 28, 2012. It is their contention that since the case has been dismissed, this action may not be used to support a *lis pendens*.

Plaintiff Kamlesh Hemlani filed his Opposition on September 6, 2013. He argues, essentially, that the notice is proper here and any facial deficiencies on the notice can be easily cured. For the reasons set forth below, the Motion shall be granted.

## DISCUSSION

Notice of *Lis Pendens* is provided for in Title 7 of the Guam Code.

> In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing an answer, when affirmative relief is claimed in such answer, or at any time afterwards, may record in the Department of Land Management, a notice of the pendency of the

action containing the names of the parties and the object of the action or defense, and a description of the property affected thereby. From the time of filing such notice for record only, shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action, and only of its pendency against parties designated by their real names.

7 G.C.A. § 14103. Here, Defendants' properties are subject to such a notice, despite the fact that there is no longer an action in pendency. Defendants cite to authority from other jurisdictions which stand for the principle that a lis pendens may no longer be supported by a dismissed action. See Allied Eastern Financial v. Goheen Enter., 265 Cal.App.2d 131, (1968).

While Title 7 of the Guam Code is silent as to how to extinguish a notice of *lis pendens*, at least one Guam Court has held that expungement is the proper avenue. *See Decision and Order*, CV0580-10, *South Pacific Petroleum Corporation v. Access Development, Inc.*, May 26, 2010 (citing California precedent in finding expungement proper under the circumstances).

Plaintiffs arguments in opposition does nothing to counter the fact that Defendants' property is subject to a notice of *lis pendens* while there is no action pending. For this reason, Defendants motion shall be granted as to both the June 28, 2012 Notice and the June 24, 2013 Notice. The Court does not reach Defendants' other arguments.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Expunge the Notices of *Lis Pendens* is hereby **GRANTED**. Defendants shall prepare a Judgment consistent with this Decision and Order, approved by Plaintiff as to form.

//

//

//

//

//

It is **SO ORDERED** this 11th day of December, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III
_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

DEC 1 1 2013

Esther L. G. Pinaula
_____
Deputy Clerk, Superior Court of Guam